**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HAYWOOD MACK ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-1087 |
| | § | |
| FIFTH THIRD BANK, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This case involves an automobile loan. The plaintiff, Haywood Mack Ross, borrowed money from Fifth Third Bank to finance the purchase of a vehicle. In this lawsuit, Ross, proceeding *pro se*, contends that Fifth Third does not have the right to require him to provide proof of physical damage insurance for the vehicle or to secure such insurance itself if he failed to do so and require him to pay the premiums. A review of the documents Ross filed shows that the Bank obtained insurance at different times after it failed to receive proof of insurance from Ross. The Bank added the premiums to his regular monthly payment. The charges were not added until Ross was given notice and an opportunity to provide the insurance himself. Ross became delinquent in his loan payments. He alleges that he was threatened with repossession even though he had a $30,101.28 investment in the vehicle and only ten installments remaining, totaling $5,391.30. Ross asserts that the legal issue is whether he received a "[STANDARD CONTRACT] given to all defendant's vehicle loan customers or was Plaintiff singled out for exploitation due to his mitigated financial position." Ross seeks an injunction against repossession and $80,000 in damages due to intentional infliction of emotional distress. (Docket Entry No. 1).

Fifth Third Bank has moved to dismiss. It asserts that under the contract Ross signed, it has a clear right to require proof of insurance and if such proof is not provided, to obtain the insurance and to require Ross to pay the premium. (Docket Entry No. 8). Ross has failed to respond to the motion.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544). The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A *pro se* litigant's complaint is broadly construed, and the Supreme Court has emphasized in a *pro se* case that Rule 8(a)(2) is a notice pleading standard. *Erickson v. Pardus*, 557 U.S. 89 (2007) (per curiam).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs

advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

  To the extent Ross alleges that Fifth Third Bank breached the contract by requiring him to pay the premium cost of insurance that the Bank obtained, his allegation fails to state a claim.  The contract Ross signed gave the Bank the right to obtain such insurance, at Ross's expense, if Ross failed to provide timely proof that he had obtained insurance himself.  To the extent Ross alleges that Fifth Street Bank may have deviated from "standard" insurance because he was in a "mitigated financial position," his allegation also fails to state a claim.  Being in a "mitigated financial position" or circumstances is not a category or status protected from discrimination.  To the contrary, lenders have a right to set terms that reflect the security of their investment, within statutory and constitutional limits.  Nothing in Ross's complaint alleges that those limits were exceeded.

The motion to dismiss is granted, without prejudice to Ross's right to amend. Ross must file an amended complaint no later than **August 23, 2011**. If he fails to do so, this case is subject to dismissal with prejudice and without further notice.

SIGNED on August 1, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge