IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAYWOOD MACK ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-1087 |
| | § | |
| FIFTH THIRD BANK, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

On August 1, 2011, this court granted Fifth Third Bank's motion to dismiss Haywood Mack Ross's complaint for failure to state a claim upon which relief could be granted. (Docket Entry No. 9). In doing so, this court dismissed Ross's claim that Fifth Third had breached the automobile-loan contract between the parties. This court also dismissed Ross's claim that Fifth Third violated his equal-protection rights by deviating from "standard" insurance because he was in a "mitigated financial position." (*Id.*, at 3). This court granted Ross leave to amend his complaint "no later than **August 23, 2011**." (*Id.*, at 4 (emphasis in original). The order of dismissal explained that if Ross failed to do so, that could result in the case being dismissed with prejudice. (*Id.*).

On August 17, 2011, Ross filed a "motion to deny dismissal." (Docket Entry No. 11). This motion responded to the arguments Fifth Third made in its original motion to dismiss. This motion was docketed as an "amended complaint and motion to deny dismissal." Ross asked this court to construe it as "an amendment" to his complaint. (Docket Entry No. 12, at 5). Although this court has strained to read the "motion to deny dismissal" as an amended complaint, there is no basis on which it can do so. The motion neither asserts any causes of action nor states what relief Ross seeks.

Instead, as previously stated, this motion presented arguments responding to Fifth Third's motion to dismiss. Because this court had already ruled on and granted that motion to dismiss, Ross's "motion to deny dismissal" is properly characterized as a motion to alter or amend judgment. *See* FED. R. CIV. P. 59(e).

On August 30, 2011, one week after this court's deadline for filing an amended complaint, Ross filed a "response to court order." Like the "motion to deny dismissal," this "response" neither asserted any causes of action nor states what relief it seeks. Instead, in the response, Ross argues that this court's previous ruling was incorrect. The "response" also is properly characterized as a motion to alter or amend judgment. Although it is untimely, this court will consider the motion.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation marks and alteration omitted). Having carefully considered Ross's "motion to deny dismissal" and "response to court order," this court concludes that none of the grounds required under Rule 59(e) are present. The motions to alter or amend the court's judgment are denied.

Additionally, because Ross did not file an amended complaint within the time provided by the court, this case is dismissed with prejudice. The pretrial conference is cancelled. Final judgment is entered by separate order.

If Ross wishes to appeal, he must file his notice of appeal with the district clerk within thirty days of this order.  *See* FED. R. APP. P. 4(a)(1).

SIGNED on September 23, 2011, at Houston, Texas.

*[signature: Lee H. Rosenthal]*

Lee H. Rosenthal

United States District Judge